## Case No. 10,195.

### The NEW YORK.

[6 Ben. 405.] [1]

District Court, S. D. New York. April, 1873.

COLLISION AT PIER—PROPER MOORING—FENDERS.

1. A canal-boat lying at a pier was sunk by injuries received by her during the night, in consequence of her coming in contact with a bark, which was also moored there. A libel was filed to recover damages for the injury, which alleged negligence on the part of those in charge of the bark, in not putting out fenders between the canal-boat and the bark and in not having the bark properly moored. The evidence showed that the wound on the canal-boat which caused her to sink was such a one as would have been caused by a fender, and that there was nothing on the outside of the bark which could cause the injury except a fender. As to whether a fender was put out or not, the evidence was contradictory: *Held*, that, on the evidence, the presence of the fender was proved, and the charge of negligence, in not putting out a fender, was not established;

2. The bark was properly moored and out of contact with the canal-boat; that the canal-boat drove against the bark, and the bark then did all that could be required of her, by putting out the fender and keeping it there: *Held*, that the bark was not in fault.

This was a libel by William A. Graham, owner of the canal-boat Elias Tremaine, to recover damages for the sinking of the canal-boat while lying at pier 62, East river, by a collision between her and the bark New York, which was also moored at the same pier.

Scudder & Carter, for libellant.
Beebe, Donohue & Cooke, for claimant.

BLATCHFORD, District Judge. The libel does not allege that the bark, when moored, was lying in contact with the canal-boat of the libellant. It alleges that the bark was moored so negligently, that, at some time during the night, she chafed against, or cut into, the canal-boat, causing her to leak; and that the damage was caused by the negligence of those on the bark, "in that they did not take the proper precautions, nor make use of proper seamanship, in putting down fenders" between the canal-boat and the bark, and making use of proper means to keep the bark from crushing in the side of the canal-boat, and in mooring a vessel so large and heavy in the manner they did alongside of the canal-boat.

The evidence as to the character of the wound found in the side of the canal-boat, and which was under water, shows that it was such a wound as would be made by the

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

pressure of a fender. The evidence also shows that there was nothing on the outer side of the bark which could have made such a wound, or any wound, in the place where the wound was except a fender. The wound was in the place on the canal-boat where a fender, put over the bark's side in the place where the bark's mate says he put a fender over her side, between the bark and the canal-boat, would have come. This tends to corroborate the testimony of the mate, that he did put such a fender over. He says that, during the evening, the wind commenced blowing fresh; that, between 8 and 9 o'clock in the evening, the stem or bow of the canal-boat was driven up under the quarter of the bark; and that he put a fender over between the quarter of the bark and the canal-boat. It is true that the master of the canal-boat denies that the mate of the bark put a fender over. But, unless there was a fender there, it is impossible to see how the canal-boat was injured. If there was a fender there, it is plain that the injury arose from the pressure of the fender. I am satisfied that there was a fender there, and that the injury was thus caused.

The presence of the fender disposes of the allegation in the libel, that the bark was negligent, in not putting down fenders. I am also satified that the libellant has not established that there was any negligence in the manner of mooring the bark, or in respect to the precautions adopted by the bark to keep her from injuring the canal-boat. The weight of the evidence is that the bark was properly moored, and out of contact with the canal-boat; that it was the canal-boat that was allowed to move and drive against the bark and not the bark that was allowed to move and drive against the canal-boat; and that, when the canal-boat so moved, the bark did all that could be required of her, by putting out the fender and keeping it there.

The libel must be dismissed, with costs.